IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD JOHNSON, | : | |
| | : | |
| Petitioner, | : | Case No. 06-971 |
| | : | |
| v. | : | |
| | : | |
| WARDEN GERALD L. ROZUM & | : | (Judge McClure) |
| PENNSYLVANIA STATE | : | |
| ATTORNEY GENERAL, | : | |
| | : | |
| Respondents. | : | |

**O R D E R**

August 21, 2006

**BACKGROUND:**

On December 13, 2001, in the Court of Common Pleas of Lycoming County, Pennsylvania petitioner Reginald Johnson was sentenced to an aggregate term of imprisonment from 12 years to 27 years after he was found guilty by a jury of the offenses of aggravated assault, simple assault, recklessly endangering another person, possession of an instrument of crime, and terroristic threats, committed upon two victims. Johnson appealed to the Pennsylvania Superior Court. The sole issue raised on direct appeal related to the court's sentence in connection with Johnson's conviction for possession of an instrument of crime. (Rec. Doc. No. 11, Ex. 2, at 2.) On November 13, 2002, the Superior Court

affirmed his sentence. There is nothing in the record indicating Johnson sought review of the Superior Court's decision.

On May 12, 2006, Johnson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 before this court. The respondents filed an answer to the petition on July 7, 2006. (Rec. Doc. No. 11.) Shortly thereafter, on July 17, 2006, Johnson filed his reply captioned "Brief In Support (Amended)." (Rec. Doc. No. 12.) Johnson's most recent petition raises three claims not previously raised: (1) his "conviction was obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled," (2) "denial of effective (competent) assistance of counsel" in connection with the selection of a jury of his peers and that there was racial discrimination in the selection of jurors, and (3) "denial of right of appeal" because his attorney "did not present all facts in his direct appeal."

Johnson has already sought collateral review of this matter in the United States District Court for the Middle District of Pennsylvania. On March 9, 2004, we dismissed without prejudice Johnson's first petition for a writ of habeas corpus for failure to exhaust state remedies. Johnson v. Sobina, No. 03-643 (M.D. Pa. Mar. 9, 2004) (McClure, J.). On April 27, 2005, the United States Court of Appeals for the Third Circuit denied Johnson's request for a certificate of appealability and noted that Johnson was time-barred from presenting the claims

raised in his first petition under 2254 and therefore concluded that his claims were also procedurally defaulted.  <u>Johnson v. Sobina</u>, No. 04-1844 (3d Cir. Nov. 4, 2004).

Johnson must obtain permission from the United States Court of Appeals for the Third Circuit before we can consider his second petition for a writ of habeas corpus.  28 U.S.C. § 2244(3).[1]

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  Johnson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed, without prejudice, for lack of subject matter jurisdiction, due to his failure to obtain permission from the United States Court of Appeals for the Third Circuit to file a second or subsequent petition.

2.  The clerk is directed to close the case file.

---

[1]We note that were we to consider his petition it would be dismissed under 28 U.S.C. § 2244(b)(2), as none of Johnson's new claims falls within a statutory exception.

3. There is no basis for the issuance of a certificate of appealability.

                                         s/ James F. Mcclure, Jr.  
                                         James F. McClure, Jr.  
                                         United States District Judge